**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **KENNETH FRANCIS** | * | **CIVIL ACTION NO. 11-CV-2099** |
| **DOC #87595** | * | |
| | * | **SECTION P** |
| **VERSUS** | * | |
| | * | **JUDGE MINALDI** |
| | * | |
| **LASONYA FRUGE, ET AL** | * | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Kenneth Francis on November 28, 2011. Francis is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is housed at Allen Correctional Center (ACC) in Kinder, Louisiana.

Plaintiff complains of excessive force used in conjunction with an incident that occurred at ACC. He also raises state law claims of assault and battery. Francis seeks a transfer from ACC as well as punitive and compensatory damages "for temporary injury sustained by plaintiff, such as pain, suffering, fright, humiliation, mental anguish, mental distress, physical emotional distress . . . ." Doc. 1, Att. 2, p. 13. He names the following as defendants herein: ACC officers Lasonya Thomas and Lasonya Fruge, ACC Warden Terry Terrell, and President of GEO Group, Inc., Wayne Calabrese.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the complaint be DISMISSED WITH PREJUDICE IN PART and DISMISSED WITHOUT PREJUDICE IN PART.

***Statement of the Case***

On September 7, 2010, Francis was performing his duties as a lobby orderly which included heating and serving inmates' meals and coffee. He refused to transport inmate Hampton's canteen items to another inmate located on another tier. Hampton then spit in the face of Francis, and the two inmates exchanged words. Thereafter, defendants Thomas and Fruge entered the dorm for an inspection and inmate Hampton ran out of his assigned tier and attacked Francis. Defendant Thomas, who had keys in her hand at the time, intervened in the altercation by striking Francis on the top of his head with the keys. Francis complains that defendant Fruge did not intervene but instead stood by as defendant Thomas used the above described excess force against him.

Francis states that he sustained head lacerations that required medical care when Thomas struck him with the keys. He contends that Thomas' actions violated his rights under the Eighth and Fourteenth Amendments, and he argues that Thomas' actions constitute assault and battery under state law. Francis seeks declaratory relief, compensatory damages, injunctive relief ordering that no one at ACC retaliate against him for filing suit, and a transfer from ACC.

***Law and Analysis***

**A. Frivolity Review:**

Francis has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *See Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to

state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolous); *Bradley*, at 1025 (failure to state a claim).

**B. 42 U.S.C. § 1983:**

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, the initial question is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle the plaintiff to relief. In order to hold the defendants liable, Francis must allege facts to show: (1) a constitutional right has been violated, and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that Francis has presented the best case which could be presented by him under the circumstances. Further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving Francis the benefit of every doubt, the court concludes, for the reasons stated herein, that he has failed to state a claim upon which relief may be granted, his claims are frivolous as a matter of law, and his complaint should therefore be dismissed with prejudice.

**1. Use of Force:**

For Francis "[t]o prevail on [his] eighth amendment excessive force claim, [he] must establish that force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm' and that he suffered an injury." *Eason v. Holt*, 73 F.3d 600, 601–02 (5th Cir.1996) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Francis states that defendant Thomas used excessive force against him when she hit him in the head with metal keys while trying to intervene in a fight between plaintiff and another inmate. By plaintiff's own admission, the scenario in which the incident in question occurred was unsettled. An inmate first spat on Francis, and words were exchanged between plaintiff and the inmate. Officers entered the tier to do an inspection, and the attacking inmate left his cell toward Francis. Defendant Thomas intervened, and the alleged injury occurred. A disciplinary report was filled out and sanctions were imposed against Francis for fighting.

While it is unfortunate that the situation escalated to the point that force was used, plaintiff cannot prevail on this claim. In situations such as this, prison officials "are entitled to wide-ranging deference." *Baldwin v. Stalder*, 137 F.3d 836, 840 (5th Cir.1998) (finding that the use of mace to quell a disturbance caused by inmates on a bus did not constitute excessive force). "The amount of force that is constitutionally permissible . . . must be judged by the context in which that force is deployed." *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir.1996). The use of force does not constitute cruel and unusual punishment when reasonably necessary to subdue a recalcitrant prisoner. *Clemmons v. Greggs*, 509 F.2d 1338, 1340 (5th Cir.1975); *Williams v. Hoyt*, 556 F.2d 1336, 1339–40 (5th Cir.1977). Francis presents no facts which show that defendant Thomas applied force maliciously and sadistically in an effort to cause him harm. Rather, it appears that force was used to restore order and enforce compliance with directives

from prison officials. As such, the actions do not constitute cruel and unusual punishment. Thus, this claim should be dismissed as frivolous.

**2. Supervisory Liability:**

Francis also names Fruge as a defendant for failing to stop defendant Thomas from hitting Francis. Moreover, he names ACC Warden Terrell and GEO President Wayne Calabrese as defendants for failing to conduct an investigation into this matter and for failing to terminate/correct defendants Thomas and Fruge following the incident. Doc. 1, Att. 2, pp. 8, 9.

In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily articulate a set of facts that illustrates a defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir.1986). A supervisor may be held liable only if: (1) the supervisor is personally involved in the constitutional deprivation, or (2) there exists a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303–304 (5th Cir.1987). Neither condition is satisfied in this case. None of the defendants, besides Thomas, made actual physical contact with the plaintiff. Supervisory officials are not liable for subordinates' actions on any vicarious liability theory as the doctrine of *respondeat superior* does not apply in section 1983 actions. *See Monell v. Dep't of Social Servs*., 436 U.S. 658, 691 (1978).

**C. Transfer Request:**

Plaintiff requests a transfer from ACC. This request is without merit as plaintiff does not have a protected liberty interest in choosing his place of confinement. Thus, plaintiff's request to transfer is denied.

**D. State Law Claims:**

Francis asserts state law claims of assault and battery. The undersigned elects not to exercise supplemental jurisdiction over state law claims because all of the federal claims are without merit. It is recommended that the unadjudicated pendant state law claims be dismissed without prejudice so as to afford Francis the opportunity to refile these claims in state court. 28 U.S.C. § 1367(c)(3); *Bass v. Parkwood Hosp*., 180 F.3d 234, 246 (5th Cir.1999).

Accordingly,

IT IS RECOMMENDED that plaintiff's civil rights complaint be DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

IT IS ALSO RECOMMENDED that plaintiff's pendant state law claims must be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 24th day of November, 2012.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE